**DTO LAW**

Hannah L Miller
hmiller@dtolaw.com

February 13, 2026

**VIA ECF**

Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Ripa v. Unilever United States, Inc.*, Case No. 1:25-cv-10028-CM

Dear Judge McMahon:

Pursuant to Local Rule 7.1(d) and Your Honor's Individual Rules Part V.H, Defendant Unilever United States, Inc. respectfully submits this letter motion seeking a stay of discovery and case deadlines pending resolution of Defendant's motion to dismiss this action in its entirety (ECF No. 24) (the "Motion").

Under Federal Rule of Civil Procedure 26(c), a district court may stay discovery during the pendency of a motion to dismiss upon a showing of good cause. *See In re Currency Conversion Fee Antitrust Litig.*, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002). Although the filing of a motion to dismiss does not automatically entitle a defendant to a stay, a defendant may establish good cause "by demonstrating, *inter alia*, a meritorious dispositive motion is pending that would potentially narrow the claims or issues in the case, and, therefore, the scope of discovery, in whole or in part, absent Plaintiff's showing of prejudice or other reason why discovery must proceed during the pendency of a motion to dismiss." *Borjas v. New York City Dep't of Educ.*, 2025 WL 3227476, at *1 (S.D.N.Y. Nov. 19, 2025) (granting stay of discovery pending resolution of motion to dismiss).

Courts in this circuit "have routinely held that a stay of discovery is appropriate 'pending resolution of a potentially dispositive motion where the motion appears to have substantial grounds or . . . does not appear to be without foundation in law.'" *King v. City of New York*, 2014 WL 4954621, at *6 (E.D.N.Y. Sept. 30, 2014) (quoting *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002)). In evaluating whether a stay is warranted, "courts typically consider: (1) whether the Defendant has made a strong showing that the plaintiff's claim is

*MEMO ENDORSED*

Handwritten endorsement (2/13/2026):
(1) The motion is premature and so is DENIED at this juncture and without prejudice. We are conferencing this case on 2/27. The matter of a discovery stay will be one topic of conversation. I will make a ruling at that time.
(2) After the motion to dismiss is fully briefed — 
(3) The Clerk of Court should remove this letter motion at Dkt 31 from my list of open motions.

1024556

307 5th Avenue, 12th Floor, New York, NY 10016
main: (646) 995-5400 | dtolaw.com

February 13, 2026
Page 2

unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Palladino v. JPMorgan Chase & Co.*, 345 F.R.D. 270, 273 (E.D.N.Y. 2024), *aff'd*, 730 F. Supp. 3d 4 (E.D.N.Y. 2024).

Each of these factors favors a stay here.

*First*, Defendant's pending Motion is both meritorious and case-dispositive.[1] It seeks dismissal of the complaint in its entirety, and its strength is underscored by a recent decision dismissing a nearly identical false-advertising class action. That action, based on the same theory of liability presented here, was brought by the same plaintiffs' counsel against another manufacturer of body washes and cleansers containing retinol. *See Kobus v. Procter & Gamble Co.*, 2026 WL 194742, at *8 (N.D. Cal. Jan. 26, 2026) (dismissing all claims and holding it was implausible that reasonable consumers would understand product labels featuring the word "retinol" to be promising benefits other than those expressly advertised). Because the Motion challenges the legal sufficiency of Plaintiff's theory as a matter of law, a ruling in Defendant's favor would eliminate the need for discovery altogether.

*Second*, absent a stay, the parties would incur substantial burden and expense engaging in broad discovery that may be rendered unnecessary or significantly narrowed by the Court's ruling. This burden is particularly acute given this case is a putative class action. *See, e.g., Cuhadar v. Savoya LLC*, 2024 WL 4142151, at *5 (E.D.N.Y. Sept. 11, 2024) ("Permitting class and collective-burden discovery would thus serve to create an unnecessary burden should Defendant's motion to dismiss be resolved in its favor."); *Webb v. Rejoice Delivers LLC*, 2025 WL 722440, at *2 (N.D. Cal. March 6, 2025) (opining that "there would be no point in requiring Defendants to respond to discovery" if class action complaint "may be dismissed with prejudice"); *J&G Invs., LLC v. Fineline Props., Inc.*, 2007 WL 928642, at * 5 (N.D. Ohio Mar. 27, 2007) ("It makes sense to stay discovery in a class action pending resolution of motions to dismiss which might resolve the entire case."). Discovery would necessarily encompass multiple product lines, years of marketing materials and labeling decisions, internal communications across different business units, and third-party discovery involving retailers and suppliers. In addition, Plaintiff is likely to seek discovery relating to class certification issues—such as nationwide sales data, consumer research, and marketing strategies—that would be especially broad and costly and, ultimately, unnecessary if the Court dismisses the lawsuit at the pleading stage. As courts

---

1. Rather than recapitulate here Defendant's arguments in support of its Motion, Defendant refers the Court to its memorandum of law in support of the Motion (ECF No. 25).

February 13, 2026
Page 3

have recognized, these considerations weigh strongly in favor of staying discovery in class actions pending resolution of dispositive motions. *See, e.g., HAHA Glob., Inc. v. Barclays*, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (finding that "proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on Defendants" where "disposition of the dismissal motions may significantly narrow, if not eliminate, the issues remaining in this case").

*Third*, a brief stay will not prejudice Plaintiff. The Motion has already been filed, and briefing on the Motion will be completed by March 2, 2026, in accordance with the parties' agreed-upon briefing schedule. *See* ECF No. 29. Any stay would therefore be limited in duration, and Plaintiff has not identified—and cannot identify—any concrete prejudice that would result from waiting for the Court's ruling. To the contrary, staying discovery will conserve judicial and party resources and promote the orderly resolution of this case. *See, e.g., Palladino*, 345 F.R.D. at 275 (finding no prejudice to plaintiff and granting stay of discovery when briefing schedule was set and stay would be limited); *HAHA Glob., Inc.*, 2020 WL 832341, at *1 (finding that "staying discovery would not unfairly prejudice Plaintiff as the motions to dismiss already have been filed and, thus, any stay would last briefly" (internal quotation marks omitted)).

For these reasons, Defendant respectfully requests that the Court stay all discovery and case deadlines until fourteen days after the Court issues a decision on Defendant's Motion.

Respectfully submitted,

*/s/ Hannah Miller*

Hannah Miller

1024556